CHAISSON, J.
In this case arising out of an automobile accident, Joseph Simmons, Jr. appeals a December 6, 2017 judgment in favor of Cornell Jackson and the Parish of Jefferson. For the following reasons, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
On November 8, 2013, Mr. Jackson, a Jefferson Parish employee, was driving east on the Westbank Expressway Service Road in Marrero when his vehicle collided with a vehicle driven by Mr. Simmons, who was attempting to cross the service road at its intersection with Robinson Avenue. At this intersection, there is no traffic control device for the service road, but there is a stop sign controlling traffic traveling on Robinson Avenue.
On June 24, 2014, Mr. Simmons filed a petition for damages in which he alleged that Mr. Jackson, who was acting in the course and scope of his employment with the Parish, was negligent in failing to yield the right of way, failing to maintain control of his vehicle, reckless and negligent operation of his motor vehicle, failing to see what should be seen, and other acts of negligence which caused the accident. Mr. Simmons prayed for recovery for his damages, which included bodily injury, mental anguish, medical expenses, loss of earnings and earning capacity, and other economic loss.
In their answer to Mr. Simmons' petition, defendants averred that the sole and proximate cause of Mr. Simmons' damages was his own negligence or fault, in particular: failing to see what should have been seen, failing to use proper care, and disregarding a stop sign.
The case proceeded to a bench trial on November 29, 2017. Both Mr. Simmons and Mr. Jackson testified as to their recollections of the accident. The court also heard testimony from the investigating officer, Louisiana State Trooper Henry J. Thompson, III, and received into evidence his police report, which contained a statement from an "anonymous" witness to the accident. The deposition of defendants' expert witness in accident reconstruction, Vernon O. Tekell, Jr., was also received into evidence. Both Trooper Thompson and Mr. Tekell shared the opinion that the accident at issue was caused by the fault of Mr. Simmons.
The court rendered judgment on December 6, 2017, in favor of defendants. In *998 its written reasons for judgment, the trial court found that Mr. Simmons failed to meet his evidentiary burden. In his appeal of this judgment, Mr. Simmons raises two assignments of error: first, the trial court erred in admitting the deposition testimony of the expert witness, Mr. Tekell; and second, the trial court erred in admitting hearsay evidence when it allowed Trooper Thompson to narrate the statement from the anonymous witness. Although not specifically assigned as error, Mr. Simmons also argues that the trial court erred in finding that he was at fault in causing this accident and that Mr. Jackson was free from fault.
DISCUSSION
Beginning with Mr. Simmons' first assignment of error, under La. C.E. art. 103, error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected and a timely objection stating the specific ground of the objection appears in the record. At trial, Mr. Simmons did not object to the introduction of Mr. Tekell's deposition transcript into evidence, and therefore, pursuant to La. C.E. art. 103, this assignment of error is without merit. Burgard v. Allstate Ins. Co. , 04-1394 (La. App. 5 Cir. 5/31/05), 904 So.2d 867, 879 ; see also Petre v. State ex rel. Department of Transp. & Dev. , 00-545 (La. App. 3 Cir. 12/29/00), 775 So.2d 1252, 1265.
Turning next to Mr. Simmons' contention that the trial court erred in admitting hearsay evidence, a review of the transcript of the trial proceedings shows that although Mr. Simmons objected to Trooper Thompson's reading aloud the anonymous witness's account of the accident, which objection was sustained, Mr. Simmons' counsel specifically stated that he had no objection to the introduction of Trooper Thompson's accident report that contained the witness's statement. Having failed to object at trial to the introduction of the accident report, Mr. Simmons has failed to preserve this objection for appeal and this assignment of error is also without merit. La. C.E. art. 103 ; Burgard , supra.
Although Mr. Simmons did not specifically assign as error the trial court's factual determinations regarding fault, we nevertheless address Mr. Simmons' argument that the trial court erred in finding that he was at fault in causing this accident and that Mr. Jackson was free from fault.
The court of appeal may not disturb the conclusions of the factfinder in the absence of manifest error or unless a particular finding of fact is clearly wrong. Estes v. Wal-Mart Stores, Inc. , 01-289 (La. App. 5 Cir. 10/17/01), 800 So.2d 1018, 1022. The question is not whether the factfinder was right or wrong, but whether the conclusion was a reasonable one. Id. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Id. Thus, where there are two views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Id. When findings are based on determinations regarding the credibility of witnesses, the manifest error - clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations of demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Loya v. Loya , 17-555 (La. App. 5 Cir. 2/21/18), 239 So.3d 1048, 1054 (citing Rosell v. ESCO , 549 So.2d 840, 844 (La. 1989) ).
*999 In this case, the trial court was presented with conflicting testimony concerning the facts leading up to the automobile accident. Mr. Simmons, who was traveling south on Robinson Avenue, was confronted with a stop sign at that intersection. There is no stop sign, or other traffic control device, directing the movement of vehicles traveling on the service road at its intersection with Robinson Avenue; therefore, vehicles traveling on the service road have the right of way at this intersection.
Mr. Simmons testified that he came to a complete stop at the stop sign and looked for approaching traffic on the service road before attempting to cross the intersection. He also testified that he did not see any vehicles approaching on the service road and specifically that he did not see Mr. Jackson's vehicle before the impact. Although Mr. Simmons could offer no explanation as to where Mr. Jackson's vehicle came from, his testimony regarding a bar parking lot on the service road seemed to imply that Mr. Jackson possibly exited that parking lot and entered the service road. Mr. Simmons further testified that he was going approximately five miles per hour when the collision occurred. Other than medical records meant to show the extent of injuries, Mr. Simmons' case was supported solely by his own testimony.
In response, defendants presented the testimony of Mr. Jackson, who stated that he was driving approximately 30 to 35 miles per hour in the center lane of the service road when the collision occurred. Mr. Jackson indicated that he turned onto the service road from Ames Boulevard and he specifically denied entering the service road from the bar parking lot. He further testified that he did not see Mr. Simmons' vehicle prior to the impact.
According to the deposition testimony of defendants' accident reconstruction expert, which included many photographs taken at the scene of the accident, Mr. Simmons' vehicle was travelling at approximately twenty-six miles per hour when it was struck by Mr. Jackson's vehicle, and that it was highly unlikely that Mr. Simmons could have reached that rate of speed crossing the intersection had he come to a complete stop at the indicated stop sign. Trooper Thompson indicated that regardless of the statement by the anonymous witness, his investigation revealed that Mr. Simmons failed to yield the right of way to Mr. Jackson.
There is no dispute that the stop sign for Robinson Avenue required Mr. Simmons to stop at the intersection, and that any vehicles traveling on the service road had the right of way. Therefore, regardless of whether or not Mr. Simmons came to a complete stop at the stop sign, he would have failed to yield the right of way to Mr. Jackson, provided that Mr. Jackson was properly driving on the service road. Mr. Simmons' apparent theory of Mr. Jackson's fault is that Mr. Jackson was not properly driving on the service road, but rather suddenly entered the service road from some other location. Despite this theory, Mr. Simmons testified that he did not see Mr. Jackson's vehicle prior to impact. He therefore could offer no evidence of Mr. Jackson suddenly entering the service road from some unknown, unidentified location. To the contrary, Mr. Jackson testified that he entered the service road at Ames Boulevard and was traveling in the center lane of the service road for some distance and immediately prior to the impact. It is apparent that the trial court chose to credit Mr. Jackson's testimony on this point and reject Mr. Simmons' testimony.
Upon our review of the record, we find that the trial court was not manifestly erroneous or clearly wrong in its determination *1000 that Mr. Simmons failed to prove by a preponderance of the evidence that Mr. Jackson was in any way negligent in causing this accident. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED